SARGENT (STANLEY WORKS v.). See Case No. 13,289.

---

## Case No. 12,366.

SARGENT v. YALE LOCK MANUF'G CO.

[17 Blatchf. 244; [1] 4 Ban. & A. 574; 17 O. G. 105.]

Circuit Court, S. D. New York. Oct. 29, 1879.

PATENTS—DAMAGES—REDUCTION OF PRICES—TITLE TO RECOVER.

1. Reduction of prices and consequent loss of profits, caused to a patentee by the competition of an infringer, is a proper ground for awarding damages against the infringer.

2. In this case, on the evidence, it was held, that the reduction of prices by the plaintiff on safe locks containing his patented invention, was directly and solely caused by the defendant's infringement, after allowing a proper sum for any other patented device contained in the defendant's locks, and for any other causes which gave to the defendant an advantage in selling his locks.

[Cited in Fitch v. Bragg, 16 Fed. 247.]

3. The plaintiff, as owner of the patent, was held to be entitled to recover the damages, although he might be accountable to a copartner for a part of them, as the copartner could not sue for them.

[This was a bill in equity by James Sargent against the Yale Lock Manufacturing Company for the infringement of reissued letters patent No. 4,696, granted to plaintiff Jan. 2, 1872, the original letters patent having been granted August 28, 1866 (No. 57,574). After a hearing on pleadings and proof,

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

an interlocutory decree was entered, finding the reissued patent to be valid, and to have been infringed, and awarding a perpetual injunction and an account for profits and damages. A reference was made to a master, who reported $7,771 damages in favor of plaintiff. The cause is now heard on exceptions to the master's report.]

Edmund Wetmore and George T. Curtis, for plaintiff.
Frederic H. Betts, for defendant.

BLATCHFORD, Circuit Judge. The master reports, that there is no basis, from the proofs adduced before him, to find what profits have been made by the defendant by the use of the "turning bolt," (the infringing device,) in the locks made and sold by it; and that, therefore, on the testimony before him, he cannot find what profits, if any, are due from the defendant for the use of the "turning bolt."

The patent on which this suit is brought is a re-issue granted January 2d, 1872. The master reports that, after that time, and in 1873, in consequence of the defendant's offering and selling to the plaintiff's principal customers, and to the trade generally, locks containing the infringing device, at a less price than the plaintiff was obtaining, a reduction of prices was enforced on the plaintiff, such reduction being, in round numbers, $1 on each No. 5 lock, and $2 on each No. 3 lock. Exception one of the defendant is to such finding and report, and alleges that the master should have reported that no such reduction was enforced, and that there was no proof of the amount of any reduction caused by the defendant's infringement, and that there was no method of computing such reduction, even if it actually existed.

The master also reports, that it is in evidence, that, during the period covered by the accounting, the plaintiff could have manufactured, in addition to the locks he did manufacture, and without materially increasing his manufacturing facilities, all the locks manufactured and sold by the defendant. Exception two of the defendant is to such finding and report, and alleges that the master should have reported that no such additional manufacture by the plaintiff was possible, or that it was impossible without a very great extension of his facilities.

The master also reports, that it is in evidence, that, during the period covered by the accounting, the plaintiff would have made sales to many of the persons who were induced to purchase from the defendant, at his own established prices, had not the defendant offered its locks at lower prices. Exception three of the defendant is to that part of the report, and alleges that the master should have found and reported that no such sales would have been made, or that, even if made, they would not have been at the plaintiff's own established prices.

The master also reports, that the plaintiff has suffered damage in respect to the matters to which exceptions two and three relate. Exception four of the defendant is to that part of the report, and alleges that the master should have found and reported no damage whatever from the competition of the defendant.

The master further reports, that the locks sold by the defendant contained, in addition to the "turning bolt," a device patented by the Rosner patent, for which infringement a claim is made against the defendant, in another suit; that, as to the proportion of the reduction of prices above set forth, which should be allowed to the device claimed under the Rosner patent, it is claimed by the plaintiff, and nowhere effectually disputed by the defendant, "that, in computing the profits on these locks, one-third belonged to and was charged by him to the Rosner patent;" and that, admitting this proportion, and allowing, in addition thereto, for any superior external attractions of the defendant's locks, and for the number of combinations which they had over those of the plaintiff, and for the shape of the case of the lock, and for the commercial success of the defendant in effecting sales, where the plaintiff would have failed, the master is of opinion that the plaintiff is entitled to recover from the defendant, as damages, one-half of the amount of the reduction in prices caused by the defendant since January 2d, 1872, that is, on 1,009 No. 3 locks, $1 per lock, being $1,009, and on 13,524 No. 5 locks, at 50c. per lock, $6,762, being a total of $7,771. Exception five of the defendant excepts to the finding and report, that the plaintiff is entitled to recover from the defendant, as damages, one-half of the amount of the reduction in prices caused by the defendant since January 2d, 1872, and alleges that the master should have reported "no reduction in prices, or no proof of such," caused by any infringement by the defendant since said date, and "hence no damages" to the plaintiff, "and, consequently, no method of calculating them." Exception six of the defendant excepts to the report for that the master erred in making the apportionment of the alleged reduction in the plaintiff's prices, charging one-half thereof to the alleged infringement of the "turning-bolt" patent, and alleges that no basis existed, in the proof or in law, for such or for any apportionment, or for any award of damages. Exception seven of the defendant excepts to the report for that the master erred in assessing damages which are not the damages suffered by the plaintiff, but are those suffered by the firm of Sargent & Greenleaf, and alleges that the master should have reported, that the damage, if any, found to have been suffered by said firm, is not the damage of the plaintiff, who is only one member of said firm, but that the plaintiff's damage is merely a portion thereof. Exception eight of the defendant excepts to the report for that the master

erred in finding and reporting, as damages, the sum mentioned in his report, or any damages whatsoever, and in not reporting that there was no proof of any actual damage suffered by the plaintiff from the alleged infringement.

The defendant contends that the competition of the defendant was not the sole cause of the reduction of the plaintiff's prices, and that the proportionate effect of the defendant's competition is not attempted to be estimated or ascertained by the proofs. It alleges that the defendant is not responsible for the reduction made in 1873; that there were many other causes which contributed to this reduction; and that the lowering of prices was caused principally by the competition of other fire-proof safe lock makers, and, notably, the New Britain Lock Co., by the fact that safe makers were making and threatening to make their own safe locks, and by the general lowering of the prices of material and labor and the depression of business. Reduction of prices and consequent loss of profits, enforced by infringing competition, is a proper ground for awarding damages. The only question is as to the character and sufficiency of the evidence, in the particular case. I think, that, on the whole evidence, the reduction of prices by the plaintiff, after January 2d, 1872, on safe locks containing his invention, is shown to have been directly and solely caused by the defendant's infringement.

The master, in his report, allows damages only for the reduction of prices on the locks sold by the plaintiff, that is, 1,009 No. 3 locks and 13,524 No. 5 locks. Although the master states that the plaintiff suffered damage in losing the sale of locks sold by the defendant, he awards no damages for that cause. He confines his award to the loss on the locks which the plaintiff sold.

The defendant also contends, that the plaintiff is not entitled to recover from the defendant, as damages, the entire amount of the reduction enforced by the defendant's competition, but only the damages occasioned by the effect of the presence of the infringement; that the burden of proof is on the plaintiff to fix the value of, and to separate the effect of, the infringing devices; that he failed to do so by any proper proof; and that no basis was afforded to the master on which such damages could be computed. But, as the master allowed damages only for the reduction of prices on the locks sold by the plaintiff, and as the essential feature of those locks was the "turning bolt" device, and as an essential feature of the infringing locks was the infringing "turning bolt" device in them, and as the plaintiff could not sell his "turning bolt" device unless it was embodied in a lock, and as he was thereby enabled to make his profit on the entire lock, and as he was deprived, by the acts of the defendant in selling at low prices locks containing the patented "turning bolt" device, of the profit he would otherwise have made on the locks

which he actually sold containing the "turning bolt" device, it seems plain that the defendant's infringement must be held to have caused the entire loss of the plaintiff by the reduction of prices, after allowing a proper sum for any other patented device contained in the defendant's locks and for any other causes which gave to the defendant an advantage in selling its locks. This is the basis on which the master proceeded, and it seems to me, on a consideration of the evidence, that the master has made all proper allowances and has arrived at a correct conclusion in fixing, as damages, one-half of the amount of reduction in prices.

The plaintiff, as the owner of the patent, is entitled to recover the damages in this case. He may be accountable to his copartner for a part of them, but the copartner could not sue, on the patent, for such damages or any part of them.

Exceptions 2, 3 and 4 are overruled, as immaterial. The other exceptions are overruled on the merits.

[NOTE. A final decree was entered for the plaintiff for $7,771 damages and $650.17 costs. The defendant then appealed to the supreme court, where the decree of the circuit court was reversed as to the award of costs, and affirmed in all other respects, with interest until paid. The cause was remanded to the circuit court, with a direction to modify the decree. Each party was to pay his own costs in the supreme court, and one-half of the expense of printing the record. 117 U. S. 536, 6 Sup. Ct. 934.]